UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LISA MARIE MARDIS, | ] |
| | ] |
| Plaintiff(s), | ] |
| | ] |
| vs. | ] CV05-CO-00692-S |
| | ] |
| UNIVERSITY OF ALABAMA, et al. | ] |
| | ] |
| Defendant(s). | ] |

MEMORANDUM OF OPINION

The plaintiff in this action, Lisa Marie Mardis, proceeding pro se, alleges the defendants violated her federal constitutional and statutory rights and various state laws it connection with the termination of her parental rights. Amended Complaint; June 9, 2005; Doc. 7.[1] The action is presently before the Court for consideration of motions to dismiss filed by

---

[1] The plaintiff filed a second amended complaint on August 1, 2005, but added no substantive claims. Doc. 14. In the amended complaint, plaintiff purported to add the "Alabama School of Law" as a defendant and to substitute Page Walley, the Commissioner for the Alabama Department of Human Resources for Bill Fuller, the former Commissioner for the Department of Human Resources. Because the plaintiff had not obtained leave to file a second amended complaint, the court struck the complaint on August 4, 2005. Doc. 17. Subsequently, notice was filed that service on Bill Fuller had failed and Page Walley filed a motion to dismiss. Doc. 19, 22, 24. Therefore, the Court deems the action is properly filed against Page Walley, in his official capacity as the present Commissioner for the Alabama Department of Human Resources. No individual claims have been asserted against Page Walley. Bill Fuller and "Alabama School of Law" are not defendants in this action.

defendants Page Walley and the University of Alabama. For the reasons set out here in, the motions to dismiss will be granted and the action will be dismissed as to defendants Walley and University of Alabama. Further, the action will be dismissed as to the remaining defendants, Cleveland and Carmella Jenkins, because the plaintiff has failed to state a cognizable claim against these defendants.[2]

Mardis attached documents to her complaint showing that her children were taken into DHR custody on June 20, 2000. Amended Complaint, Doc. 7. She also avers that her parental rights were terminated on or about June 28, 2000. Id. This incident is the underlying factual basis for all of her legal claims.

To the extent any federal claims are adequately asserted against defendant Page Walley in his official capacity as Commissioner of Alabama DHR, he is entitled to Eleventh Amendment immunity. *Edelman v. Jordan*, 415 U.S. 651 (1974); *Alabama v. Pugh,* 438 U.S. 781 (1978); *Brown v. East Central Health District,* 752 F.2d 615 (11th Cir. 1985)(stating that suit in federal court against unconsenting state or its agencies is barred by Eleventh

---

[2]Plaintiff avers only that Cleveland Jenkins is the natural father of one of her children and apparently received custody in the state proceedings. Amended Complaint, Doc. 7. Carmela Jenkins is alleged to be Cleveland Jenkins' wife. Id.

Amendment); *Mitchell v. Davis*, 598 So.2d 801 (Ala. 1992)(stating that DHR is a state agency and entitled to state immunities).  There are no claims asserted against defendant Walley in his individual capacity, but any individual capacity claims are, nevertheless, due to be dismissed on the basis of qualified immunity since Walley was not the Commissioner of DHR at the time of the events giving rise to the claims herein and there are no assertions that Walley acted in violation of federal constitutional or statutory law.[3] The suit against the University of Alabama is also barred by the Eleventh Amendment.  *See, e.g., Lassiter v. Alabama A & M University*, 3 F.3d 1482 (11th Cir. 1993).

Additionally, this suit is barred by the Rooker-Feldman doctrine, which provides that a federal district court does not have jurisdiction to hear cases which are, in effect, appeals from state court actions.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. off Appeals v.*

---

[3]Walley also submitted evidence showing the claims asserted herein are subject to a defense of res judicata because the plaintiff previously litigated these federal claims or similar claims arising out of the same set of operative facts in CV-02-P-217 4-S and CV 03-P-1413-S, actions which were initiated in the Northern District of Alabama and transferred to the Middle District of Alabama, where they were dismissed on the merits. Because the Court finds the moving defendants are entitled to dismissal based on their immunities from suit, and no cognizable claims are asserted against the Jenkins defendants, there is no need to convert this motion for consideration of the additional evidence.

*Feldman*, 460 U.S. 462 (1983); *Exxon Mobil v. Saudi Basic Ind.*, 544 U.S. ____, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

    Done this 16th day of November 2005.

                                            _____
                                            L. SCOTT COOGLER
                                  UNITED STATES DISTRICT JUDGE
                                                  130122